IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

Sarang Gupta,

        Plaintiff,

vs.                           Case No.

Capital One Financial Corporation

d/b/a ING Direct, Inc. and John Doe

Corporation

        Defendants.

**COMPLAINT FOR DAMAGES, DECLARATORY AND
INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL**

**NATURE OF ACTION**

1. This is an action brought under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

**JURISDICTION**

2. This Court has jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendants transact business in this district.

1

## PARTIES

4. Plaintiff, Sarang Gupta ("Plaintiff"), is a natural person who at all relevant times resided in the State of New Mexico, County of Bernalillo, and City of Albuquerque.

5. Defendant, Capital One Financial Corporation d/b/a ING Direct, Inc. ("ING Direct"), is an entity which does business in the State of New Mexico, County of Bernalillo, and City of Albuquerque.

6. Defendant, John Doe Corporation ("John Doe Corp"), is an entity is an entity which does business in the State of New Mexico, County of Bernalillo, and City of Albuquerque.

## FACTUAL ALLEGATIONS

7. Prior to June 2012, in connection with the collection of an alleged debt, ING Direct, utilizing the phone message delivery services of John Doe Corporation, began placing telephone calls to Plaintiff's cellular telephone number.

8. Upon information and good-faith belief, Defendant utilizes the phone message delivery services of Database Systems Corporation.

9. Plaintiff, via his counsel, sent written correspondence dated June 20, 2012, to ING Direct, and in such correspondence, notified ING Direct that he was represented by counsel and further, demanded that ING Direct cease and desist from engaging in any and all further communications with Plaintiff. (*See* June 20, 2012 Correspondence, attached as Exhibit A.)

10. ING Direct received Plaintiff's notice of representation letter on June 23, 2012 at 5:35 A.M. (*See* USPS Delivery Confirmation, attached as Exhibit B).

11. Despite Plaintiff's revocation of any consent for ING Direct to place any telephone calls to Plaintiff, ING Direct, utilizing the phone message delivery services of John Doe Corporation, placed non-emergency calls to Plaintiff's cellular telephone using an automatic dialing system and/or an artificial or pre-recorded voice, including, but not limited to, the following dates and times:

- August 1, 2012 at 4:52 P.M.;
- August 9, 2012 at 8:02 A.M.;
- September 4, 2012 at 6:00 P.M.;
- September 5, 2012 at 5:55 P.M.;
- September 10, 2012 at 11:11 A.M.;
- September 28, 2012 at 8:02 A.M.;
- October 2, 2012 at 2:32 P.M.;
- October 10, 2012 at 2:20 P.M.;
- October 17, 2012 at 9:35 A.M.; and
- October 24, 2012 at 9:56 A.M.

12. Upon information and good-faith belief, ING Direct placed telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system.

13. ING Direct did not place any telephone calls to Plaintiff for emergency purposes.

14. ING Direct did not have Plaintiff's prior express consent to make any telephone calls to Plaintiff's cellular telephone number.

15. Upon information and good-faith belief, ING Direct placed

telephone calls to Plaintiff voluntarily.

16. Upon information and good-faith belief, ING Direct placed telephone calls to Plaintiff under its own free will.

17. Upon information and good-faith belief, ING Direct had knowledge that it was using an automatic telephone dialing system or an artificial or prerecorded voice to make and/or place telephone calls to Plaintiff.

18. Upon information and good-faith belief, ING Direct intended to use an automatic telephone dialing system or an artificial or prerecorded voice to make and/or place telephone calls to Plaintiff.

19. Upon information and good-faith belief, ING Direct maintains business records that show all calls ING Direct placed to Plaintiff's cellular telephone number using an automatic telephone dialing system or an artificial or prerecorded voice.

## COUNT I
### VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)
### ING DIRECT

20. Plaintiff repeats and re-alleges each and every factual allegation above.

21. ING Direct violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly placing non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that ING Direct violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Enjoining ING Direct from placing any further telephone calls to Plaintiff in violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(A);

c) Awarding Plaintiff statutory damages in the amount of $500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff treble damages, pursuant to 47 U.S.C. § 227(b)(3);

f) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

g) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

h) Awarding such other and further relief as the Court may deem just and proper.

### COUNT II
### VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)
### JOHN DOE CORPORATION

22. Plaintiff repeats and re-alleges each and every factual allegation above.

23. Database violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly placing non-emergency calls to Plaintiff's cellular telephone, without

5

the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Database violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Enjoining Database from placing any further telephone calls to Plaintiff in violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(A);

c) Awarding Plaintiff statutory damages in the amount of $500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff treble damages, pursuant to 47 U.S.C. § 227(b)(3);

f) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

g) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

h) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

24. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully Submitted this 4th day of December, 2012,

s/Anita M. Kelley
Anita M. Kelley
Law Office of Anita M. Kelley
P.O. Box 37487
Albuquerque, NM  87176
(505) 750-0265

*Co-counsel with WEISBERG & MEYERS, LLC*

5025 N. Central Ave. #602
Phoenix, AZ 85012
Not admitted before this Court
ECF@AttorneysForConsumers.com